ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Zomord Company | ) | ASBCA No. 59065 |
| | ) | |
| Under Contract No. H92236-07-P-4330 | ) | |

APPEARANCES FOR THE APPELLANT:     Mr. Casier Fahmee
  President
  Mr. Hussien Fuad Albaldaoei
  Manager

APPEARANCES FOR THE GOVERNMENT:     Col Robert J. Preston II, USAF
  Acting Air Force Chief Trial Attorney
  Capt Eric J. Singley, USAF
  Sarah L. Stanton, Esq.
  Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE JAMES ON GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

This appeal arises from the contracting officer's (CO's) 22 March 2013 decision that denied the 5 February 2013 claim of Zomord Company (Zomord) for payment of the $150,144 contract price for 1,088 cubic meters of ¾-inch gravel. On 29 January 2014, the government moved to dismiss this appeal for lack of Contract Disputes Act (CDA) jurisdiction on the grounds that Zomord did not file its claim within six years after such claim accrued, and did not submit an appeal within 90 days after receipt of the CO's foregoing decision. Zomord responded to the motion on 19 February 2014.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. Effective 3 January 2007, CO Cori J. Duford of the "OCF-I CONTRACTING OFFICE," Balad, Iraq, awarded to Zomord commercial item Contract No. H92236-07-P-4330 (the contract) for 725 cubic meters ($CM^3$) of ¾-inch gravel for the price of $100,050.00, to be delivered 23 days after the date of contract award, i.e., by 26 January 2007, at Shark Base, Ar Ramadi, Iraq. The contract included, *inter alia*, the FAR 52.212-4, CONTRACT TERMS AND CONDITIONS—COMMERCIAL ITEMS (SEP 2005) clause. (Gov't mot., attach. 1 at 1, 4 of 13, attach. 4 at 1)

2. By contract Modification No. P0001, effective 5 January 2007, the parties bilaterally modified the contract to increase the gravel quantity by 363 $CM^3$ to 1,088 $CM^3$

and to increase the contract price from $100,050.00 to $150,144.00, with no change in the delivery date (gov't mot., attach. 3).

3. Zomord submitted documents into evidence stating that under the contract it delivered 440 $CM^3$ of gravel on 9 January 2007, 400 $CM^3$ of gravel on 13 January 2007 and 248 $CM^3$ of gravel on 18 January 2007 (totaling 1,088 $CM^3$) and on 19 January 2007 it submitted a DD Form 250 invoice for $150,144.00 to OCF-I, which "Tony Bennett" of "Shark Base, Ar Ramadi, Iraq" signed for acceptance on 20 January 2007 (app. resp. ¶ 3, attachs. 1-2).

4. CO Duford asserts that on 21 January 2007 she sent contract Modification No. P0002 (Mod. 2) to email address zomordco@yahoo.com (gov't mot., attach 4 (Duford decl.) at ¶ 4). The record contains no evidence that Zomord received Mod. 2 on or about 21 January 2007, or prior to respondent's 29 January 2014 motion.[1]

5. Mod. 2 is a Standard Form 30, whose block 13D stated that the authority for the modification was "FAR Part 12.403(d), FAR [P]art 13.302-4, FAR Clause 52.212-4(l) (m)." Block 13E stated: "IMPORTANT: Contractor...is required to sign this document and return 1 copies to the issuing office" and block 14 stated:

> 1. This contract is cancelled in its entirety due to contractor failure to meet the delivery and pricing terms of the contract. This is a Termination for Cause, as a No Cost settlement, in accordance with FAR 12.403(c).
>
> 2. No services or delivers [sic] were provided under this contract.
>
> Block 26 of the SF 1449 is therefore decreased...from $150,144.00 to $0. No payments will be made. The Contractor is not entitled to any payments, and the Government will not seek any payments from the Contractor.
>
> 3. This is a final decision; you have the right to appeal under the Disputes clause.

Zomord did not sign Mod. 2. (Gov't mot., attach. 2 at 1) As in effect on 3 January 2007, FAR 12.403(d) was entitled "*Termination for the Government's convenience.*"

---

[1] FAR 33.211, referenced by FAR 12.403(c)(3)(iv) for terminations of commercial item contracts, provided: "(b) The [CO] shall furnish a copy of the decision to the contractor by certified mail, return receipt requested, or by any other method that provides evidence of receipt. This requirement shall apply to decisions on claims initiated by or against the contractor."

FAR 13.302-4, entitled "**Termination or cancellation of purchase orders**,"
¶ (a) referred the CO to "FAR 12.403 and 52.212-4(l) or (m) for commercial items";
FAR 52.212-4(l) was entitled "*Termination for the Government's convenience*"; and
FAR 52.212-4(m) was entitled "*Termination for cause*."

6. CO Duford's 21 January 2007 memorandum for record stated, *inter alia*:

> In the case of 07-P-4330, the vendor failed to
> perform/delivery on three separate occasions. Each time he
> offered some excuse. However, despite repeated
> messages...advising him how serious we took the
> contract...he continued to not perform....
>
> ...After the third missed delivery I made the decision to not
> prolong the process....
>
> ...The USG had not received any material, as such a
> Termination for Cause was issued....

(Gov't mot., attach. 2 at 2)

7. The record contains no evidence confirming that CO Duford provided that 21 January 2007 memorandum to Zomord prior to respondent's jurisdictional motion. Respondent submitted no other evidence to substantiate the CO's statements about her messages to Zomord and Zomord's failure to deliver gravel to Ramadi.

8. Zomord alleges that it never received contract Mod. 2. Zomord's 9 March 2007 email to the OCF-I CO stated: "[W]e have completed delivery this contract [07-P-4330] and in attached the invoice." OCF-I CO "Kelly" wrote to Zomord on 10 March 2007 under the heading "Contract # 07-P-4330 Ramadi Gravel": "Thank you for delivering the gravel. Your payment has been sent out, please allow at least 30 days for payment to post." (App. resp. ¶¶ 3-4, attachs. 1, 3 at 2)

9. On 1 May 2012 Zomord submitted an email to U.S. Special Operations Command (USSOC) CO Paul S. McClain stating:

> This is Zomord Co from Iraq. Our company signed Contract
> # H92236-07-P-4330 for gravel at Camp Ramadi, Iraq. My
> company completed the delivery on this contract and we have
> sent voice for the contracting officer and the contracting
> officer at that time sent me an e-mail told me that this
> payment will be made within 30 days and no payment for this
> date. I was try contact the contracting officer but no response

about this payment. I have contacted SCO [sic] closeout contracts about this and some one gave me your POC. Can you please check in your files about payment this contract? Please help me. Thank you.

Considering Zomord's $150,144 invoice of 19 January 2007, "voice" apparently meant "invoice." In this context the amount Zomord sought is readily determinable. However, Zomord's submission had no CDA certification. (App. resp. ¶ 5, attach. 3 at 1)

10. The 31 January 2013 email from USSOC's Jonathan H. Katz[2] to Zomord stated: "Please see the attached letter in response to your uncertified claim on 12 August 2012" (gov't mot., attach. 7 at 5 of 6). The appeal record does not include any attached letter or 12 August 2012 Zomord claim to which Mr. Katz referred.

11. Zomord's 5 February 2013 email to Mr. Katz stated:

> First of all; I know that my company has performed a service for the United States Government represented by the United States Army, and I know that since my company has performed this service, we have the right to get paid for what we did, this is our right as you can see..
>
> I was know when I worked with United States Government which represents this Great Country, I was know that we will not lose even one cent, as long as we have a right, United States will give us our right, and I was know that no one…can ban me from taking my rights, and I am still know that..
>
> From my side I am ready to provide you with all supporting documents you may need, such as: schedule of delivery, purchase receipts, plate numbers of truck, and e-mail correspondent between my company and the customers..
>
> I beg you to reconsider your decision, and I beg you to cancel the memorandum of rejection.. and I am ready to provide you with everything you want and I am sure that you will help me in this matter. Thank you [syntax and punctuation in original]

(Gov't mot., attach. 7 at 4-5 of 6) The record does not include the decision or the memorandum of rejection to which Zomord's final paragraph referred.

---

[2] The record contains no evidence that Mr. Katz was a CO.

4

12. Mr. Katz's 5 February 2013 emails told Zomord that it must certify its claim in accordance with FAR 33.207(a) in order for the government to provide a formal decision (gov't mot., attach. 7 at 4 of 6). Zomord manager Hussein Fuad signed a certification dated 5 February 2013 using the language in FAR 33.207(c) (Bd. corr. ltr. dtd. 6 December 2013).

13. The 22 March 2013 final decision of CO Charles E. Bright of USSOC denied Zomord's certified 5 February 2013 claim under Contract No. H92236-07-P-4330 in its entirety and notified it of its right to appeal to the agency board of contract appeals or the U.S. Court of Federal Claims (gov't mot., attachs. 5, 6 at 1-3 of 7). Zomord admits that it received that decision (app. resp. ¶ 7), but does not identify a date of receipt. However, Mr. Katz's 22 March 2013 email forwarding CO Bright's decision appeared on Zomord's 22 and 24 June 2013 emails to Mr. Katz, which stated: "I hope you will re-job my issue on this contract [07-P-4330]" (gov't mot., attach. 7 at 1 of 6, attach. 8 at 3 of 4). We find that 22 June 2013 was the earliest date in the record showing receipt of the CO's decision.

14. From 22 June 2013 to 3 September 2013 Zomord's Hassineen Ahmead and CO Bright exchanged emails regarding Zomord's "payment on this contract" in which CO Bright stated to Zomord:

> 3 July 2013       "we are looking into this"
>
> 10 July 2013      "We are still working this"
>
> 13 July 2013      "We will provide an update soon"
>
> 3 September 2013   "We should have an update this week"

Mr. Katz's September 2013 emails to Zomord, copied to CO Bright, stated:

> 6 September 2013 "We thought and were hoping...to provide you with an update this week however it's going to be sometime next week when you will receive a response from us"
>
> 9 September 2013 "[CO's decision] is still in effect"

On 9 September 2013, however, the CO gave Zomord no notice of its appeal rights. (Gov't mot., attach. 7 at 1 of 6, attach. 8 at 1-3 of 4; app. resp. ¶¶ 10-25)

15. On 6 December 2013 Zomord appealed to the Board from CO Bright's 22 March 2013 final decision (gov't mot., attach. 10).

Respondent argues that this appeal must be dismissed on two grounds:
(1) Zomord's claim "accrued on 21 January 2007 when the CO notified appellant that the contract had been terminated," but submitted its 5 February 2013 claim more than six years after 21 January 2007, so that claim failed to comply with the CDA statute of limitations (gov't mot. at 8-11); (2) Zomord received the CO's 22 March 2013 final decision denying its 5 February 2013 claim on 22 March 2013 and filed its appeal on 6 December 2013, 259 days later than 22 March 2013, thus failing to comply with the CDA's 90-day appeal requirement in 41 U.S.C. § 7104 (*id*. at 11-12); and (3) the parties' email exchanges after 22 June 2013 did not negate the finality and conclusiveness of the CO's 22 March 2013 decision (*id*. at 12-15).

Zomord argues that it submitted its claim on 1 May 2012 within the six-year CDA statute of limitations (app. resp. at 8). Zomord further argues that it "tried to convince the [CO] to reconsider his decision" and they were under impression that he would reconsider, pointing to Zomord's 3 and 6 September 2013 emails to the CO requesting an update on the payment and the CO's 6 September 2013 reply to Zomord, which stated, "[w]e thought and were hoping to be able to provide you with an update this week" but it would be the next week instead. Zomard argues that this shows that the CO "was working on the issue and he probably will reconsider his final decision [of] 22 March 2013" (*id*. at 6, 10).

## DECISION

### I.

In deciding a motion to dismiss for lack of jurisdiction based on timeliness, we presume undisputed facts to be true and subject disputed jurisdictional facts to our fact-finding based upon a review of the record. *See Raytheon Missile Systems*, ASBCA No. 58011, 13 BCA ¶ 35,241 at 173,016.

We address first movant's argument that Zomord's 6 December 2013 appeal to the ASBCA was more than 90 days after it received the CO's 22 March 2013 final decision denying its 5 February 2013 claim, so the Board lacks CDA jurisdiction of this appeal.

To be considered timely, an appeal from a CO's final decision to an agency board must be made within 90 days of receipt of the CO's final decision. 41 U.S.C. § 7104(a). That 90-day period is statutory, and the Board has no discretion to waive it. *Cosmic Construction Co. v. United States*, 697 F.2d 1389 (Fed. Cir. 1982).

However, a CO's decision is not "final" when such decision is reconsidered. The test for reconsideration of a CO's decision is whether the contractor has presented evidence showing that it reasonably could have concluded that the CO's decision was

6

being reconsidered. *See Royal International Builders Co.*, ASBCA No. 42637, 92-1 BCA ¶ 24,684 at 123,134.

Reconsideration was found in *CP of Bozeman, Inc., dba Maintenance Patrol*, ASBCA No. 58533, 13 BCA ¶ 35,452 at 173,855 (after CO issued decision, "a litany of communications...made it clear [that the contractor] did not consider the 28 July 2011 memorandum [which gave the contractor no notice of its appeal rights] was a final action, and at best made it confusing as to whether the government did"). Reconsideration also can occur when a CO's decision properly advises the contractor of its appeal rights, but their subsequent communications lead the contractor reasonably to consider that such decision was not final. *See Royal International*, 92-1 BCA ¶ 24,684 at 123,134.

We have found that the government has not proven that appellant received the CO's 22 March 2013 decision prior to 22 June 2013 (SOF ¶ 13). Accordingly, we are persuaded that Zomord could reasonably have concluded that the CO was reconsidering his 22 March 2013 decision as early as 22 June 2013 (SOF ¶ 14). Since finality of the CO's 22 March 2013 decision was vitiated by his reconsideration of the issues, Zomord's appeal to this Board on 6 December 2013 (SOF ¶ 15) was not untimely.

For the foregoing reasons, we deny respondent's 29 January 2014 motion to dismiss this appeal as untimely with respect to the CDA's 90-day appeal period.

II.

The CDA statute of limitations provides: "Each claim by a contractor against the Federal Government relating to a contract...shall be submitted within 6 years after the accrual of the claim." 41 U.S.C. § 7103(a)(4)(A). As of January 2007, FAR 33.201 provided the following definition:

> "Accrual of a claim" means the date when all events, that fix the alleged liability of either the Government or the contractor and permit assertion of the claim, were known or should have been known. For liability to be fixed, some injury must have occurred. However, monetary damages need not have been incurred.

A contractor claim not submitted within six years after accrual of the claim is beyond the Board's jurisdiction to adjudicate. *See Systems Development Corp. v. McHugh*, 658 F.3d 1341, 1345 (Fed. Cir. 2011) (contractor compliance with the six-year statutory time limit on the presentment of a claim to a CO is a jurisdictional prerequisite for any subsequent appeal of the CO's decision on that claim); *Raytheon*, 13 BCA ¶ 35,241 at 173,016 (we lack jurisdiction over an appeal from an untimely claim). To determine the date when all events that fix liability and permit assertion of a claim were known or should

7

have been known, one must examine the legal basis of the claim. *See Gray Personnel, Inc.*, ASBCA No. 54652, 06-2 BCA ¶ 33,378 at 165,475.

Zomord's 5 February 2013 certified claim sought payment of the $150,144 contract price for delivery of 1,088 CM³ of gravel to Ramadi (SOF ¶¶ 11-12). Movant contends that Zomord's claim accrued on 21 January 2007 when Mod. 2 terminated the contract and stated that Zomord was "not entitled to any payments" (SOF ¶ 5).[3] Such date of accrual could be plausible only if Zomord received Mod. 2 on or about 21 January 2007. Zomord denies that it ever received Mod. 2 and the appeal record has no evidence that Zomord received it prior to respondent's 29 January 2014 motion (SOF ¶ 4).

Zomord introduced evidence that on 9-10 March 2007 it exchanged emails with an OCF-I CO who thanked Zomord for the gravel delivered and promised payment within at least 30 days, i.e., about 9 April 2007 (SOF ¶ 8). If one uses 9 April 2007 as the earliest date Zomord's claim accrued, six years thereafter was 9 April 2013. Thus, Zomord submitted its 5 February 2013 certified claim more than two months before the CDA statute of limitations would have expired. Accordingly, we deny respondent's motion to dismiss on the ground of the CDA statute of limitations.

The government's motion is denied.

Dated: 10 June 2014

DAVID W. JAMES, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[3] Mod. 2 is an ambiguous and confusing document (SOF ¶¶ 5, 16). If Mod. 2 was thought to be a termination for cause, it was premature because it was issued five days before the contract delivery date (SOF ¶¶ 2, 4). If intended as a bilateral no cost settlement, it is void for lack of Zomord's signature (SOF ¶ 5). If it was a unilateral convenience termination, it sought to impair Zomord's right under the FAR 52.212-4(m) commercial item convenience termination clause to payment of the percentage of work performed, which may have been 100% on 18 January 2007 (SOF ¶ 3). However, resolution of these ambiguities is unnecessary to determine when Zomord's claim accrued.

8

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59065, Appeal of Zomord Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

9